# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JERRY D. ROWE**, | : CIVIL ACTION NO. 1:10-CV-2456 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **COMMONWEALTH OF PENNSYLVANIA**, | : |
| Respondent | : |

## **MEMORANDUM**

On November 29, 2010, Petitioner Jerry D. Rowe ("petitioner" or "Rowe"), a pre-trial detainee presently confined at the Franklin County Prison in Chambersburg, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and petition for declaratory judgment and injunctive relief. ("petition"). The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. Governing § 2254 Cases R. 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

**I.     Background**

Rowe was arrested on October 17, 2010, and charged with criminal homicide for the death of his son, Nathaniel Rowe, and transported to the Franklin County Prison. (Doc. 1, at 9.)  Bail was set at $150,000.00. (Id.)  Rowe obtained the services of a bail bondsman and was released.  According to the petition and the annexed exhibits, on October 18, 2010, the district attorney applied for a revocation of bail because the Pennsylvania Constitution prohibits release on bail when charged with a first-degree felony charge of criminal homicide which carries a maximum penalty of death.  Bail was revoked on that same day and Rowe was taken back into custody.  His preliminary hearing has been continued three times and is presently scheduled for December 23, 2010.[1]

He challenges the legality of his detention on the grounds that his re-arrest and imprisonment, after having been released on bail, violated the due process clause of the United States Constitution and the Pennsylvania Constitution. (Doc. 1, at 10-12.)  He also seeks relief on the ground that the judge who revoked bail violated the Pennsylvania Code of Judicial Conduct. (Id. at 13-17.)  He is seeking immediate release from custody.

---

[1] This information was obtained by utilizing Pennsylvania's Unified Judicial System, the Pennsylvania Judiciary's Web Application Portal for electronic services, see http://ujsportal.pacourts.us.

## II. **Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).[2] Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), which provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. See 28 U.S.C. § 2254(a). It is apparent

---

[2] Conversely, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Therefore, any claims in which Rowe seeks to impose liability due to the deprivation of Constitutional rights, as opposed to obtaining speedier release from custody, must be brought in a civil rights action.

3

from the instant petition and exhibits that Rowe has not yet been tried or convicted on the criminal charges he faces in the Franklin County, and thus he is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. Counsel of City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir .2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is clear that Rowe is involved in ongoing criminal proceedings which implicate important state interests. It also appears from review of electronic dockets provided by Pennsylvania's Unified Judicial System that Rowe has failed to take advantage of the state court proceedings available to him. see http://ujsportal.pacourts.us. There is no record of Rowe having availed himself of state court procedure by seeking relief in the Court of Common Pleas or an appeal to the Pennsylvania Superior Court from any denial of relief. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant our intervention on this issue. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

## III. <u>**Conclusion**</u>

Based on the foregoing, the petition will be dismissed without prejudice.

## IV. <u>**Certificate of Appealability**</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will issue.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: December 13, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY D. ROWE**, | : | **CIVIL ACTION NO. 1:10-CV-2456** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 13th day of December, 2010, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.

3. A certificate of appealability will not issue. See 28 U.S.C. § 2253(c).


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge